[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12505
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00384-JA-KRS


ANGELA V. WOODHULL,

                                                    Plaintiff - Appellant,

versus

REBECCA FIERLE,
individually,
NANCY F. ALLEY,
Judge, individually,
JOHN D. GALLUZZO,
Judge, individually,
VICTOR HULSLANDER,
Judge, individually,
ANN MARIE GIORDANO GILDEN,
SHIRLEY MASCARELLA,
JOHN MASCARELLA,
individually, et al.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 17, 2013)

Before PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Plaintiff, Angela Woodhull, appeals the district court's order dismissing her action for failure to state a claim. Because Woodhull's complaint requires review of state-court judgments, the district court lacked jurisdiction to consider this case under the *Rooker-Feldman* doctrine. Accordingly, we vacate the district court's order and remand for the district court to dismiss the action for lack of subject matter jurisdiction.

## I. Facts and Procedural Posture

This litigation concerns the guardianship and estate of Louise Falvo, Woodhull's mother. According to Woodhull's complaint, Falvo owned an account that was held in trust for Woodhull. (R. 1 at ¶39.) Over a period of approximately six months, Falvo executed a series of documents transferring the beneficiary designation of her financial accounts back and forth between Woodhull and Defendants Shirley and John Mascarella. (R. 1 at ¶39, 40, 42, 52, 55, 65). After these events, Defendant Judge Nancy Allen of the Eighteenth Judicial Circuit

Court in and for Seminole County, Florida froze Falvo's accounts and appointed Defendant Rebecca Fierle as Falvo's Guardian. (R. 1 at ¶68, 69.) After a hearing, Judge Allen ordered "the destruction of the beneficial interests" on Falvo's accounts. (R.1 at ¶82.) Woodhull appealed this order, among others, to Florida's Fifth District Court of Appeal. *Woodhull v. Guardianship of Louise A. Falvo*, 43 So. 3d 708 (Fla. Dist. Ct. App. 2010). After briefing and oral argument, the District Court of Appeal affirmed. *Id.*

In the meantime, Falvo died on July 21, 2008, and probate proceedings commenced. (R.1 at ¶85, 88.) During the probate process, Defendant Judge Victor Hulslander of the Circuit Court of the Eighteenth Judicial Circuit in and for Alachua County, Florida ordered that some of the funds previously designated in trust for Woodhull be used to pay attorney and guardianship fees. (R. 1 at 93–99.) Woodhull has appealed this order to Florida's First District Court of Appeal in *Woodhull v. Mascarella*, Case No. 1D13-536. The appeal is still pending.

Concurrent with the state-court appeal, Woodhull filed this case in federal court with one federal claim—that the Defendants seized her property in violation of the Fourth Amendment. (R. 1.) Woodhull also alleged various state-law claims under supplemental jurisdiction. (*Id.*) Although Woodhull does not explain precisely how the Defendants violated the Fourth Amendment, she seems to claim that the Defendants violated Florida law by destroying the beneficiary designations

3

on Falvo's accounts—the same argument that was rejected by two Florida Circuit Courts and one Florida District Court of Appeal.  After providing the parties an opportunity to respond, the federal district court dismissed the Fourth Amendment claim with prejudice and dismissed the state-law claims without prejudice.  (R. 57.) Woodhull appeals.

## II. Discussion

On appeal, Woodhull contends that the district court erred by dismissing her Fourth Amendment claim for failure to state a claim.  However, before we reach the merits of Woodhull's appeal, we must consider the Defendants contention that the *Rooker-Feldman* doctrine bars consideration of the Fourth Amendment claim since it essentially seeks appellate review of the state-court proceedings. Woodhull replies that she is not seeking review of any state-court judgments.

"The [*Rooker-Feldman*] doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state-court judgments."  *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted).  We apply the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).  The doctrine applies to cases that are "inextricably

4

intertwined with the state-court judgment so that (1) the success of the federal claim would effectively nullify the state-court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* (citation omitted).

In this case, Woodhull complains of injuries caused by a state-court judgment that she contends was wrong. These arguments were considered and rejected by multiple Florida courts before the federal district court proceedings commenced. Woodhull's claim would succeed only to the extent that these state-court decisions are wrong. Accordingly, the district court lacked jurisdiction in this case under the *Rooker-Feldman* doctrine.

### III. Conclusion

Review of this case, by the district court, is barred under the *Rooker-Feldman* doctrine. Accordingly, the judgment below is vacated and we remand with instructions that the district court dismiss the action for lack of subject matter jurisdiction.

VACATED and REMANDED WITH INSTRUCTION.