[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-15305 & 16-15874
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00280-MW-GRJ

ANGELA V. WOODHULL,

Plaintiff-Appellant,

versus

SHIRLEY MASCARELLA,
Individually and as Personal Representative for the
Estate of Louise A. Falvo,
TOBY S. MONACO,
Individually and in his capacity as Florida State Eighth
Judicial District Judge,
RICHARD C. SCOTT,
Governor State of Florida,
STATE OF FLORIDA, EIGHTH JUDICIAL CIRCUIT COURT, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(June 23, 2017)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Angela Woodhull appeals *pro se* the *sua sponte* dismissal of her complaint and the sanctions levied against her for filing her complaint in bad faith. Woodhull complained about the violation of her constitutional rights in connection with the probate of her mother's will and sought to enjoin the distribution of the estate to Shirley Mascarella. The district court dismissed Woodhull's complaint for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine, denied her motion to sanction Mascarella, and awarded Mascarella more than $7,000 in costs and attorney's fees. We affirm.

## I. BACKGROUND

Woodhull's mother, Louise Falvo, executed several wills during her lifetime that left her estate interchangeably to her niece, Mascarella, and then to Woodhull. After Falvo's death, it took several years for a Florida court to probate her estate. In December 2012, the court identified Mascarella as the legitimate beneficiary of Falvo's estate. In August 2013, the court divided Falvo's property and determined that, of her two bank accounts, one account was an asset of her estate and the other account passed directly to Woodhull. In March 2015, the court ruled that Woodhull recovered nothing from the bank account because some of the funds had been withdrawn and converted for use of the estate and the remainder of funds had

2

been expended on attorney's fees that Woodhull incurred contesting Falvo's guardianship.

Woodhull appealed the judgments and argued, without success, that she had been denied due process. A Florida appellate court consolidated Woodhull's appeals of the December 2012 and August 2013 judgments and affirmed them summarily. *Woodhull v. Mascarella*, 151 So. 3d 1240 (Fla. Dist. Ct. App. 2014) (unpublished opinion) (per curiam). The appellate court also affirmed summarily the March 2015 judgment. *Woodhull v. Mascarella*, 179 So. 3d 323 (Fla. Dist. Ct. App. 2015) (unpublished opinion) (per curiam).

Woodhull's efforts to impugn the probate proceedings in federal court also proved unsuccessful. The U.S. District Court for the Middle District of Florida dismissed with prejudice Woodhull's complaint that alleged Falvo's former guardian, Mascarella, and several judges, attorneys, law firms, and banks had unlawfully seized Woodhull's property in violation of the Fourth Amendment. We vacated that order and remanded the action for the district court to dismiss Woodhull's complaint for lack of subject matter jurisdiction under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). *Woodhull v. Fierla*, 554 F. App'x 785 (11th Cir. 2013). Later, Woodhull filed in the Western District of Missouri a complaint seeking to enjoin Mascarella and the estate from distributing its assets

on the grounds that the assets of her mother's estate had been taken from her without due process. The court denied Woodhull's request for an injunction and, in its order, expressed "serious doubts" that it had jurisdiction under the *Rooker-Feldman* doctrine to entertain Woodhull's complaint. The court eventually transferred Woodhull's action to the Northern District of Florida.

In December 2015, Woodhull filed a complaint against Falvo's estate, Mascarella, the State of Florida, its governor, and its courts, which is the subject of this appeal. The district court consolidated Woodhull's action with the similar action transferred from Missouri. Woodhull complained that the distribution of Falvo's estate constituted an unlawful taking under the Fifth Amendment and violated her right to due process under the Fifth and Fourteenth Amendments. *See* U.S. Const. Amends. V, XIV. Woodhull also complained that the Florida statutes governing guardianships and the probate of estates violated the Due Process Clause of the Fourteenth Amendment and the Takings Clause, *id.*; that the practice of affirming judgments per curiam violated the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clause, *id.*; and that the *Rooker-Feldman* doctrine and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), violated the separation of powers, the Equal Protection Clause, and the Due Process Clause, *see id.* Art. I, II, III & Amend. XIV.

Mascarella and Woodhull moved for sanctions. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 11; N.D. Fla. Rule 7. Mascarella argued that Woodhull's complaint was frivolous and repetitious of her other lawsuits and requested that the district court sanction Woodhull by dismissing her complaint, enjoining her from filing future pleadings without prior permission, and reimbursing Mascarella for her costs and attorney's fees. Woodhull argued that Mascarella's motion was an impermissible substitute for an answer or a motion to dismiss.

The district court adopted the recommendations of a magistrate judge to dismiss Woodhull's complaint for lack of jurisdiction, to sanction her, and to deny her motion for sanctions. The district court ruled that Woodhull had filed her complaint in bad faith and sanctioned her for the $7,472 in expenses Mascarella had incurred presenting her defense.

## II. STANDARDS OF REVIEW

Three standards of review govern this appeal. We review *de novo* the dismissal of a complaint for lack of jurisdiction and review related findings of fact for clear error. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "On review for clear error, the district court's determination must be affirmed so long as it is plausible in light of the record viewed in its entirety." *Id.* at 1280 (internal quotation marks and citation omitted). We review the imposition of sanctions for abuse of discretion. *Amlong & Amlong, P.A. v.*

5

*Denny's, Inc.*, 500 F.3d 1230, 1237 (11th Cir. 2007). A district court abuses its discretion by imposing sanctions only if the ruling is contrary to the law or involves a clearly erroneous finding of fact. *Id.* at 1238.

### III. DISCUSSION

The district court lacked jurisdiction to adjudicate Woodhull's complaint. Under the *Rooker–Feldman* doctrine, a district court lacks subject matter jurisdiction to review the final judgment of a state court. *See Rooker*, 263 U.S. at 415–16; *Feldman*, 460 U.S. at 476–82. The judgments about Falvo's estate became final, under Florida law, when affirmed in an opinion issued per curiam by the Florida District Court of Appeals. *See Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). And because "the Supreme Court of Florida lack[ed] jurisdiction to review [the] per curiam decision[]," *id.*,  the judgments also were final for purposes of determining jurisdiction under the *Rooker-Feldman* doctrine because "the highest state court in which review [was] available [had] affirmed . . . and nothing [was] left to be resolved" pertaining to "all the federal questions in the litigation." *See Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009) (internal quotation marks and citation omitted).

The *Rooker-Feldman* doctrine applies to "federal claims . . . [that are] inextricably intertwined with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Woodhull's claims are "inextricably

intertwined" because success "would effectively nullify the state-court judgment" or reveal "that the state court wrongly decided the issues" in the probate proceedings. *See id.* And Woodhull could have, but failed to, challenge in the state courts the constitutionality of the Florida statutes cited in her complaint.

The district court did not abuse its discretion when it sanctioned Woodhull under Federal of Civil Procedure 11 for filing a frivolous complaint. Sanctions are appropriate under Rule 11 when a party "insist[s] upon a position after it is no longer tenable." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting Rule 11 advisory committee note (1993)). Woodhull persisted in filing a complaint that she knew that the district court lacked jurisdiction under the *Rooker-Feldman* doctrine to entertain.

"A sanction . . . must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c), and the district court reasonably determined that taxing Woodhull for the expenses Mascarella incurred was sufficient to deter future abusive litigation by Woodhull. Woodhull does not dispute that Mascarella incurred $7,472 in costs and attorney's fees defending against the frivolous complaint.

The district court also did not abuse its discretion when it denied Woodhull's motion to sanction Mascarella and her attorney. The district court reasonably determined that Mascarella complied with Rule 11 by "fil[ing] [her motion]

promptly after the challenged conduct occur[red]" to prevent incurring unnecessary and excessive expenses. *See* Fed. R. Civ. P. 11 advisory committee note (1993) ("The award should not provide compensation for services that could have been avoided by . . . an earlier challenge to the groundless claims or defenses."). Woodhull fails to identify how the rulings of the district court were contrary to the law or involved a clearly erroneous finding of fact. *See Amlong*, 500 F.3d at 1238.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Woodhull's complaint for lack of subject matter jurisdiction and the sanction levied against her.